IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL A. CHEW, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PWG-21-1610 |
| WARDEN CARLOS D. BIVEN, *et al.*, | * |
| Defendants. | * |

***

## MEMORANDUM OPINION

While incarcerated at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, self-represented Plaintiff Michael A. Chew brought this civil action pursuant to 42 U.S.C. § 1983 against RCI Warden Carlos Bivens; Assistant Warden Michael Lichtenberg; Case Managers James Sprecher, Kimberly Baker, and Clinton Barnes; Intelligence Lt. Richard Hague, and Correctional Officer Chaz Younger.[1] ECF No. 1. Chew asserts a violation of his rights under the First and Eighth Amendments based on Defendants' refusal to keep him housed in a "single cell on administrative segregation" despite threats to his safety. *Id.* at 1. Chew states that "[n]o compensation is necessary, just [injunctive] relief." *Id.* at 1, 4.

Before Defendants could respond to the Complaint, Chew was transferred to the Maryland Correctional Institution-Jessup, and then to the Maryland Correctional Institution-Hagerstown ("MCIH"), where he is currently housed. ECF Nos. 8, 9. On December 17, 2021, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 26. On March 2, 2022, Chew responded to the Motion, reiterating that he had been asking prison staff for their help since 2006, and stating that he is currently housed on protective custody in a single cell at MCIH. ECF No. 30.

---

[1]    The Clerk shall be directed to amend the docket to reflect Defendants' full and correct names.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendants' Motion will be granted.

**Background**

In his Complaint, Chew claims that "there is a hit on [his life] by gangs" in prison, resulting in his continued request to be placed in a single cell on administrative segregation. Compl., ECF No. 1 at 4. Chew states that during an administrative housing review at RCI on June 1, 2021, Defendants Baker, Barnes, and Hague denied his request for a single cell and informed him that he would be transferred the following week. *Id.* at 1. On June 4, 2021, Warden Bivens similarly told Chew that there were no single cells at RCI, and that Chew would be transferred to a different institution that had single cells in administrative segregation. *Id.* at 1-2. At that time, Chew reminded Warden Bivens that RCI staff had failed to investigate Chew's previously filed grievance against Defendant Younger. *Id.* at 2. Chew asserts that as a result of his remark about the outstanding grievance, RCI staff assigned him a cellmate on June 16, 2021, thus placing him in danger. *Id.*

Defendants note that Chew previously sought an injunction to be placed in a single cell on administrative segregation while he was housed in Jessup Correctional Institution ("JCI") in 2020. *Chew v. Hill, et al.*, Civil Action No. DKC 20-1725, ECF No. 26-4. In that case, this Court denied Chew's request, finding that Chew frequently conveys suicidal ideations to gain single cell status, and that no credible threats exist against him. *See id.*, ECF No. 26-5. Subsequently, Chew was transferred from JCI to RCI on July 27, 2020. Inmate Traffic History, ECF No. 26-3 at 2.

Upon his transfer to RCI, Chew was to be housed in a double cell. However, he continuously refused a cellmate and was issued an infraction ticket on at least three occasions.

Decl. of Bivens, ECF No. 26-7; *see also* Infraction History, ECF No. 26-6.  As a result, Chew was often placed on disciplinary segregation.  *See id.*

Inmates on segregation have a review with their Case Manager every 30 days.  Decl. of Barnes, ECF No. 26-9.  During his review meetings, Chew was asked why he refused to be housed in general population.  *Id.* at ¶ 7.  Chew claimed that he had enemies at RCI; however, his record listed no known enemies at that institution.  *Id.*  Nor was there documentation in his file to support a single cell assignment based on a medical condition or security concern.  *Id.* at ¶ 8.  Nonetheless, due to Chew's repeated claims and in an abundance of caution, he was transferred from RCI "to avoid the risk of returning him to the general population."  Decl. of Lichtenberg, ECF No. 26-8 at ¶ 5.

**Standard of Review**

Complaints raised by *pro se* litigants are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), plaintiffs must raise factual allegations that are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment.  *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Summary judgment motions are granted when the moving party shows that there is no genuine issue of material fact, therefore entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The district court must view facts in the light most favorable to the nonmoving party, including drawing all "justifiable inferences" in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Material" facts "might affect the outcome of the suit under the governing law," and they constitute genuine issues if there is sufficient evidence for the trier of fact to rule in favor of the nonmoving party. *Id.* at 248.

### Analysis

In his Complaint, Chew alleges that his life is in danger while he is incarcerated, and he seeks an injunction requiring that he be placed in a single cell in administrative segregation. A preliminary "injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be."). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison

context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Here, Chew is no longer housed at RCI. Thus, the named Defendants are unable to provide the relief he seeks. Moreover, Chew has stated that he is currently housed in a single cell in protective custody at MCIH. As such, Chew's claim for injunctive relief is now moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (stating that transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III— when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). Because the claims raised in Chew's Complaint are moot, he cannot demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief, pursuant to *Winter*. Thus, Defendants' Motion shall be granted, and Chew's Complaint shall be dismissed as moot.

Even if I were to proceed to address the merits of the Complaint, Chew's claims would nonetheless fail as he has not shown that he suffered an injury at RCI. It is well-established that prisoners do not maintain a due process right to be housed in a particular prison, absent a showing of significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (work assignments are at prison officials' discretion). "[G]iven a

valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Courts must accord great deference to decisions regarding the administration of a prison facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). As the Supreme Court has cautioned, "[t]he difficulties of operating a detention center must not be underestimated by the courts." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012).

Nor could Chew succeed on a claim that Defendants failed to protect him at RCI. In order to establish a failure to protect claim, a prisoner must make two showings: first, that he suffered significant injury or was "'incarcerated under conditions posing a substantial risk of serious harm;'" and second, that the prison official at issue had a "'sufficiently culpable state of mind.'" *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As previously stated, it does not appear that Chew suffered significant injury. Moreover, a search of the institution's records showed that he did not have any verified enemies at RCI. Nonetheless, in an abundance of caution, Chew was transferred to another correctional facility based on his claims. From this record, Chew's allegations of a constitutional violation would necessarily fail.

## Conclusion

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, is granted. Chew's Complaint seeking injunctive relief is dismissed as moot. A separate Order follows.

| | |
|---|---|
| August 3, 2022 | _____/S/_____ |
| Date | Paul W. Grimm |
| | United States District Judge |